UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

E.G.M.,

                      Petitioner(s),

   v.

BRUCE SCOTT, et al.,

                  Respondent(s).

CASE NO. C26-0744-KKE

ORDER TO PROVIDE SUPPLEMENTAL BRIEFING

The Court has reviewed the parties' briefing on Petitioner's petition for writ of habeas corpus, and finds that supplemental briefing may assist in resolving the issues presented in the petition. The Court therefore ORDERS the parties to provide supplemental briefing as follows:

(1) No later than March 31, 2026, the Government shall file a supplemental return addressing the following questions:

    a. Petitioner asserts he is currently detained under 8 U.S.C. § 1226(a) because his *in absentia* removal order was vacated, and the Government asserts he is detained under 8 U.S.C. § 1225(b)(2) as an "applicant for admission." Dkt. No. 4 at 3–4, Dkt. No. 7 at 2. But at the time Petitioner was detained (December 18, 2025), he was subject to a final order of removal. *See* Dkt. No. 5 ¶ 6. Did 8 U.S.C. § 1231(a) govern Petitioner's detention at the time he was detained?

ORDER TO PROVIDE SUPPLEMENTAL BRIEFING - 1

If so, what process is required if a noncitizen is detained under that authority, during the 90-day removal period?

b. After Petitioner's *in absentia* order of removal was rescinded, did the applicable detention authority shift?  If so, what process must be provided under those circumstances?  If the parties are aware of any cases addressing analogous factual scenarios (where a noncitizen is initially detained under one authority, but the authority shifts during the course of detention), please provide citations.

c. Petitioner was provided a bond hearing that he argues was procedurally deficient because the form order denying bond does not indicate whether the immigration judge placed the burden of proof on the Government to show that he was ineligible for release.  Dkt. No. 7 at 7–8.  Must Petitioner exhaust his administrative remedies before the Court reviews this challenge to the bond hearing?  Should the Court assume that because the form order denying bond does not indicate how the immigration judge applied the burden of proof, that it was applied incorrectly?

d. Petitioner had an immigration court hearing "on the merits of his applications to remain in the United States" scheduled for March 19, 2026.  Dkt. No. 5 ¶ 10. Does that hearing or its outcome bear on the habeas petition?

(2) No later than April 2, 2026, Petitioner shall file a supplemental traverse responding to the Government's supplemental return and providing any other additional answers to the Court's questions.

ORDER TO PROVIDE SUPPLEMENTAL BRIEFING - 2

(3)  The clerk shall NOTE the petition (Dkt. No. 1) for April 2, 2026.

Dated this 25th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER TO PROVIDE SUPPLEMENTAL BRIEFING - 3